UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CONGRUI WU, | Case No. 5:26-cv-03552-JDE |
| Petitioner, | ORDER REGARDING PETITION |
| v. | |
| ERNESTO SANTACRUZ, et al., | |
| Respondents. | |

**I.**

**PROCEEDINGS**

On June 26, 2026, Congrui Wu ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging her detention by immigration authorities. Dkt. 1 ("Petition" or "Pet."). Petitioner's removal proceedings are ongoing. She entered the United States in May 2023 and was released pending removal proceedings. Id. ¶ 24. She has no criminal history and is enrolled in the Intensive Supervision Appearance Program ("ISAP"). Id. ¶¶ 25, 28. She was re-detained on April 13, 2026 at a scheduled ISAP appointment, purportedly based on alleged violations of the ISAP reporting requirements, including five missed biometric check-ins, which

she disputes. Id. ¶¶ 26-27. She has remained detained since that time. Id. ¶ 29. After being mandatorily detained under 8 U.S.C. § 1225, Petitioner sought federal habeas corpus relief, which was granted, in part. Id. ¶¶ 34-35.

Specifically, on May 5, 2026, Petitioner filed a prior habeas petition, challenging her ongoing detention without a bond hearing and seeking release from custody, or alternatively a bond hearing pursuant to 8 U.S.C. § 1226(a). See Wu v. Field Office Director, et al., Case No. 5:26-cv-02369-JDE (C.D. Cal.) ("Prior Action"), Dkt. 1. Following briefing, which included an acknowledgment by Respondents that Petitioner appeared to be a member of the Bond Eligible Class certified in Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal.) ("Bautista"), on May 15, 2026, the Court granted the alternative relief sought by the Petition, ordering:

(1)    Respondents are directed to provide Petitioner an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a) within seven days of this Order, with instructions that the immigration judge has jurisdiction under 8 U.S.C. § 1226(a) to consider bond and must provide a reasoned decision if bond is denied.

(2)    Respondents shall release Petitioner from custody if Petitioner is not timely provided with the aforementioned bond hearing.

Id., Dkt. 10  at 2-3 ("Order"). The alternative request for immediate release was denied as moot and the Petition was dismissed without prejudice. Id. at 3. Judgment was entered the same day. Dkt. 12-1. A bond hearing was held on May 22, 2026. Pet. ¶ 82; Dkt. 13. The Immigration Judge ("IJ") denied bond "because Flight risk, for which no amount of bond is sufficient to mitigate." Dkt. 13. No further explanation is provided.

Petitioner filed the instant Petition on June 26, 2026, arguing, among other things, that, although she received a bond hearing before an IJ on May

22, 2026, the IJ "abrogated his responsibility to provide a meaningful reasoned decision and issued a nominal decision denying bond despite overwhelming documentary evidence against 'flight risk[.]'" Pet. ¶ 65. Petitioner seeks immediate release; a declaration that her detention is unlawful and must be evaluated under 8 U.S.C. § 1226(a); and an order enjoining Respondents from re-detaining her absent a constitutionally adequate custody determination consistent with this Court's order. Id. at 18-19. Given the procedural history, Petitioner argues that a further bond hearing would not provide an adequate or effective remedy. Id. ¶¶ 3, 100.

Respondents filed an Answer on July 6, 2026, arguing the May 22 bond hearing, to which Respondents refer to as "Exhibit A," complied with the "court-ordered bond rehearing," and to the extent Petitioner is dissatisfied with the results, those challenges must be raised through the administrative exhaustion process and ultimately the Ninth Circuit under 8 U.S.C. § 1252. Dkt. 8. In her Reply filed on July 9, 2026, Petitioner emphasizes that Respondents "fail to address the central defects" in the IJ's custody determination, including the IJ's failure to comply with this Court's Order to provide a reasoned decision if bond was denied. Dkt. 11 ("Reply"). Petitioner also referred to the bond hearing decision as "Exhibit A." Neither party attached an "Exhibit A" to their respective briefs, so the Court was lacking a primary documentary basis underlying Petitioner's claims. As such, on July 10, 2026, the Court ordered the parties to file a copy of the IJ's bond order forthwith. Dkt. 12. Petitioner filed the order that afternoon. Dkt. 13. As the IJ's bond order was first provided to the Court on the afternoon of July 10, 2026, after the close of briefing, and as the Court found it highly relevant to Petitioner's claim that the IJ did not comply with the Order by failing to provide a "reasoned decision if bond is denied," the Court provided Respondents an opportunity, until the end of the day on July 13, 2026, to file

3

any other "reasoned decision" by the IJ in the administrative record supporting the IJ's decision to deny Petitioner bond on May 22, 2026. Dkt. 14. Respondents did not timely file any supplemental evidence.

For the reasons explained below, the Petition is granted.

## II.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759. Furthermore, the Court has authority to review compliance with its earlier order conditionally granting habeas relief. Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011) (as amended); see also Peacock v. Thomas, 516 U.S. 349, 356 (1996) (A federal court has "inherent power to enforce its judgments.").

Here, Respondents have not substantively addressed Petitioner's contention that the IJ failed to comply with this Court's Order, instead primarily relying on jurisdictional and exhaustion grounds in opposing the Petition. The Court addresses each argument in turn.

As to exhaustion, "[f]ederal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam); see also Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). The requirement is not jurisdictional, but prudential exhaustion may be required when "(1) agency expertise makes agency consideration necessary to

4

generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted). Exhaustion may be excused where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be futile, irreparable injury would result, or the administrative proceedings would be void. Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004); Ward, 678 F.3d at 1045.

Here, waiving exhaustion would encourage others to deliberately bypass the administrative scheme, which contemplates appeals with the Board of Immigration Appeals, not the district court, in the first instance. Petitioner did not appeal the May 22, 2026 IJ decision, despite the opportunity to do so. See Pet. ¶ 54. However, several factors favor excusing exhaustion here. First, as Petitioner notes, at least as to the question of whether the IJ complied with this Court's Order, that question does not require agency expertise but rather a legal determination by this Court. Second, Respondents did not substantively oppose the Prior Action in the first instance, and instead conceded Petitioner was a Bautista class member. Nor have Respondents in this Court ever claimed Petitioner is a flight risk or danger, or justified the purported basis for re-detaining her. Third, Petitioner has presented facts showing that she would suffer significant irreparable harm if forced to wait for an administrative appeal to be decided. Petitioner claims that, in addition to persistent cold- and flu-like symptoms, she has experienced continuous menstrual bleeding for approximately 42 days, without adequate medical evaluation or treatment despite repeated requests. Id. ¶¶ 39-40. Respondents do not address these arguments of irreparable harm. Under the unique circumstances here, the Court exercises its discretion to excuse the prudential exhaustion requirement.

Respondents next argue that any challenge to the results of her custody hearing must be pursued in a petition for review, eventually to the Ninth Circuit, under 8 U.S.C. § 1252(a)(5) and (b)(9). Ans. at 2-3. Section 1252(a)(5) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e). For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5). Section 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove a[] [noncitizen] from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

6

8 U.S.C. § 1252(b)(9). "Sections 1252(a)(5) and (b)(9) were intended to 'channel judicial review over final orders of removal to the courts of appeals,' and not to 'foreclose all judicial review of agency actions.'" Ruiz Yarleque, 2025 WL 3043936, at *6 (quoting J.E.F.M. v. Lynch, 837 F.3d 1026, 1031 (9th Cir. 2016)). The statutory scheme "limit[s] all [noncitizens] to one bite of the apple with regard to challenging an order of removal," Martinez v. Napolitano, 704 F.3d 620, 622 (9th Cir. 2012) (citation omitted), but does not "bar claims that are 'independent of or collateral to the removal process.'" Ibarra-Perez v. United States, 154 F.4th 989, 1000 (9th Cir. 2025) (quoting J.E.F.M., 837 F.3d at 1032).

As Petitioner notes, she is not seeking review of the merits of her removal proceedings or interference with the immigration court's adjudication of her pending immigration case. Pet. ¶ 4. As Petitioner reasonably argues, whether the IJ complied with the Order is a question this Court is uniquely positioned to answer since it is the tribunal that issued the Order in the first place. Reply at 2-3. The Court finds Section 1252(a)(5) and Section 1252(b)(9) do not preclude the Court from considering Petitioner's challenge to whether the May 22, 2026 bond hearing complied with this Court's Order..

Thus, the Court finds that failure to exhaust and lack of jurisdiction – the only arguments proffered by Respondents in opposition to the Answer – are not well-taken here. Respondents do not otherwise substantively address the arguments in the Petition, such as Petitioner's challenged to the purported basis for her detention, do not offer any evidence demonstrating she is a flight risk or danger, or attempt to defend the IJ's unexplained finding that Petitioner is a flight risk "for which no amount of bond is sufficient to mitigate," which facially is not a "reasoned decision" as required by the Order if bond were denied. Petitioner had been released on supervision for three years with no criminal record when she was re-detained and subjected to mandatory

detention. As Respondents acknowledged Petitioner was a Bond Eligible Class member of Bautista, the Court granted prior relief and ordered a bond hearing, expressly requiring that a "reasoned decision" be provided if bond was denied and release granted if Petitioner was not provided this bond hearing. The IJ's one-sentence decision offering no explanation for finding Petitioner is a "[f]light risk, for which no amount of bond is sufficient to mitigate" fails to comply with this Order. In these circumstances, the Court finds immediate release is warranted.

## III.

## CONCLUSION AND ORDER

IT IS THEREFORE ORDERED that Judgment shall be entered: (1) granting the Petition, in part, and ORDERING Respondents to immediately release Petitioner Congrui Wu (A# 246 975 215) from custody, subject to her pre-existing conditions of release; and (2) denying the Petition without prejudice in all other respects as moot and/or speculative.

Dated: July 14, 2026 _____

_____
JOHN D. EARLY
United States Magistrate Judge

8